```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:06CR3172 |
| v. | ) | |
| | ) | |
| PAUL A. WENTWORTH, | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |
| | ) | |

A conference pursuant to Rule 17.1 of the Federal Rules of Criminal Procedure was held with counsel in this case on March 14, 2007 in chambers. The attorneys reported to the court on the complexity of the case, the documents involved, and their needs for preparing the case for trial.

There are approximately sixty boxes of documents that have been made available to the defendant as discovery. There are approximately 400 farmers involved, and a multi-year period of time that must be examined as to each. In addition, the government intends to seek a superseding indictment dropping some charges but adding ten counts which will allege violations of 18 U.S.C. 1014. The relevant time periods will date back to approximately 1999. From the reports of counsel, I conclude the case is "unusual" and "complex" as contemplated by 18 U.S.C. 3161(h)(A) and (B)(ii). In addition, the defendant has stated he has no interest in a speedy trial, given the circumstances, and he has signed a waiver of his rights under the Speedy Trial Act (though under <u>Zedner v. United States</u>, ___ S.Ct. ___, 2006 WL 1519360 (U.S., June 05, 2006) there is doubt as to its efficacy). I shall exempt the case from the time restrictions of the Speedy Trial Act.

Defendant's counsel requested six months to complete acquisition, copying, and review of the documentary evidence, and to file motions in the case.  The government did not object.  I find the request to be reasonable.  Anticipating that there will be motions filed by the defense, the government will be given an extended period of time in which to file its responses to the motions.  Once motions and responses have been filed, the court will again meet with counsel to schedule hearings and other matters to expedite trial preparation.

IT THEREFORE HEREBY IS ORDERED:

1.  This case is exempted from the time restrictions of the Speedy Trial Act, 18 U.S.C. 3161, *et seq*.  The court will meet with counsel periodically to review the status of the case and supervise trial preparation in a reasonable amount of time, taking into consideration the complexity of the case and due diligence of counsel.

2.  A second status conference with counsel shall be held at 10:00 a.m., June 21, 2007 in the chambers of the undersigned.

3.  Defendant is given until September 21, 2007 in which to complete review of the documentary discovery provided by the government and to file motions.

4.  Plaintiff is given until October 5, 2007 to file its responses to the motions, if any, filed by the defendant.

5.  Another status conference for the scheduling of hearings as may be required shall be held October 19, 2007 at 10:00 a.m. in the chambers of the undersigned.

6.  The previous tentative trial setting for the case is vacated.  The matter will be scheduled for trial, if possible at the status conference October 19, 2007.

DATED this 15th day of March, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge